IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MB Financial Bank, N.A.,           )
                                   )
            Plaintiff,             )
                                   )
     v.                            )     No. 08 C 2524
                                   )
Directech Holding Company, Inc.,   )
et al.,                            )
                                   )
            Defendants.            )

MEMORANDUM ORDER

This action has come to this Court's calendar under this District's random assignment system. This memorandum order is issued sua sponte in accordance with the continuing mandate from our Court of Appeals (see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)) that the policing of subject matter jurisdiction is a compulsory matter.

It is certainly time that complaints such as the present one should trigger an automatic dismissal when counsel for a plaintiff in a diversity action clearly fails to carry plaintiff's burden of establishing subject matter jurisdiction where any party (on either side of the "v." sign) is a limited liability company. In July of this year a full decade will have elapsed since our Court of Appeals meticulously spelled out the requirements in that respect (Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998), a message that our Court of Appeals has since had to repeat again and again (see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006) and Thomas v.

Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)) and that District Judges are compelled to repeat even more frequently.

There has to be some cost attached to the total disregard of such a long- and firmly-established jurisdictional principle. Here no fewer than 5 of the 22 defendants are limited liability companies (Complaint ¶¶ 15, 16, 17, 24 and 25), yet the only facts alleged as to those defendants are the jurisdictional irrelevancies of their states of formation and the locations of their principal places of business. Moreover, there is a second jurisdictional flaw here: Complaint ¶18 speaks only of individual defendant David Wellingford's residence rather than his state of citizenship (see, e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)).

Hence this action is dismissed for want of the proper establishment of subject matter jurisdiction in two respects. Nonetheless, if a timely motion were to be filed under Fed. R. Civ. P. 59(e) demonstrating that the requisite diversity is indeed present, this Court would consider granting such a motion on condition that plaintiff MB Financial Bank ("MB") pay into court, as a fine, the same $350 amount that would be required as a filing fee for any newly-filed action (a separate action that MB'S counsel would otherwise have to bring).

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

May 6, 2008